IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LOS LOBOS RENEWABLE POWER, LLC, and
LIGHTNING DOCK GEOTHERMAL HI-01, LLC

      Plaintiffs,

      vs.                               Case No. 2:15-cv-00547

AMERICULTURE, INC., a New Mexico
for profit corporation and DAMON SEAWRIGHT,
Individually and as an officer and director of AMERICULTURE, INC.

      Defendants.

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE
IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING, DECLARATORY
JUDGMENT, SPECIFIC ENFORCEMENT, VIOLATIONS OF THE NEW MEXICO
UNFAIR PRACTICES ACT, PRIMA FACIE TORT, TORTIOUS INTEREFERNCE
WITH BUSINESS RELATIONS, NEGLIGENT MISREPRESENTATION,
PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF, AND OTHER RELIEF**

      Plaintiffs Los Lobos Renewable Power, LLC, a Delaware limited liability company, and

Lightning Dock Geothermal HI-01, LLC, a Delaware limited liability company, state as follows

for their Complaint against the Defendants, AmeriCulture, Inc. and Damon Seawright:

**PARTIES, JURISDICTION AND VENUE**

      1.     Plaintiffs Los Lobos Renewable Power, LLC ("Los Lobos") and Lightening Dock

Geothermal HI-01, LLC ("LDG") are Delaware limited liability companies authorized to conduct

business in New Mexico. Los Lobos is sole member of LDG. Los Lobos is a third party

beneficiary of the benefits accruing under that certain Joint Facility Operating Agreement dated as

of September 6, 1995 by and between LDG and AmeriCulture (the "JFOA"), the Project, and the Federal Lease, all as more fully described below.

2.     Defendant AmeriCulture, Inc. ("AmeriCulture") is a New Mexico corporation, having its principal place of business in Hidalgo County, New Mexico.

3.     Upon information and/or belief, Defendant Damon Seawright is an officer and director Defendant AmeriCulture, and has owned and/or controlled AmeriCulture, and directed the acts and/or omissions of Defendant AmeriCulture complained of herein.  On information and belief, Defendant Seawright is subject to personal liability associated with the acts and omissions complained of herein individually and as an officer and director of AmeriCulture.

4.     Pursuant to 28 U.S.C. Sec. 1332,  venue and jurisdiction are proper in this Court because the Plaintiffs are Delaware limited liability companies duly organized and existing under the laws of the State of Delaware, Defendant AmeriCulture is a New Mexico corporation whose business is located within Hidalgo County and the State of New Mexico, and  Defendant Damon Seawright is a resident of Hidalgo County, New Mexico; the causes of action alleged herein originated within and arise out of Defendants' transaction of business and its commission of tortious acts and omissions within Hidalgo County, New Mexico; and because the JFOA that is a subject of this suit was made or is to be performed within and concerns the Defendants' business interests and real property located within Hidalgo County, New Mexico.

5.     Pursuant to 28 U.S.C. Sec.1332, this Court has original subject matter jurisdiction over the parties and the subject matter of this action and because complete diversity exits between the Plaintiffs and the Defendants and the Plaintiffs' claims exceed seventy five thousand dollars ($75,000.00) excluding interest and costs.

## FACTS APPLICABLE TO ALL COUNTS

6.      Plaintiff LDG is the lessee of Bureau of Land Management ("BLM") Federal Geothermal Resources Lease NM34790 ("the Federal Lease"). Plaintiff LDG has more than 2,500 acres of geothermal mineral rights under the Federal Lease. Utilizing the Federal Lease, Plaintiff LDG has developed and owns a geothermal power generating project located within Hidalgo County, New Mexico ("the Project").

7.      In connection with the Project, Plaintiff LDG has developed a geothermal wellfield. Plaintiff LDG has drilled five deep wells for production and/or injection at a cost of nearly $2,000,000 per well. Plaintiff LDG has constructed pipelines to and from wells. Plaintiff LDG has constructed the Dale Burgett Geothermal Power Plant near Animas, New Mexico. The power plant is currently and will continue to utilize Geothermal Resources under the Federal Lease.

8.      The Project is currently and will continue to produce royalties and other financial benefits to the federal government. The Project is currently and will continue to produce royalties and other financial benefits to the State of New Mexico and to Hidalgo County pursuant to the Federal Energy Policy Act of 2005.

9.      Plaintiffs have sought and acquired entitlements to allow Project development and operation ("Entitlements"). Entitlements include certain New Mexico Oil Conservation Division ("OCD") permits,[1] BLM permits, rights-of-way for power transmission, certain easements, and certain other property, rights, and permits. The Entitlements were acquired for the purpose of benefiting the Project and Plaintiff LDG, and were acquired and applied for, for the purpose of fulfilling, in part, the objectives of the JFOA. Plaintiff LDG also owns other property, interests,

---

[1] The State of New Mexico regulates certain geothermal projects under the Geothermal Resources Conservation Act. §71-5-1 et seq. NMSA 1978. This regulation is administered by the OCD, under §71-5-6 NMSA 1978.

3

rights and permits which are ancillary to and comprise a part of and which have been expected to benefit the Project and which Plaintiff LDG has acquired for the purpose of fulfilling, in part, the objectives of the JFOA.

10.     Plaintiff LDG and Defendant AmeriCulture are the contracting parties to the JFOA. Plaintiff Los Lobos is a beneficiary of the JFOA.

11.     Defendant AmeriCulture's performance of the JFOA would be a financial benefit to Plaintiffs. Defendant AmeriCulture had reason to know that such benefit was contemplated by Plaintiff LDG as one of the motivating causes for Plaintiff LDG to take assignment of the JFOA as one of the assets of Lightning Dock Geothermal, Inc. (the unrelated party who originally contracted with Defendant AmeriCulture in the JFOA, whose assets were purchased by and assigned to Plaintiff LDG) ("Predecessor").

12.     However, Defendant AmeriCulture by its breaches, acts and omissions, including without limitation those complained of herein, has consistently sought to interfere with and obstruct and has interfered with and obstructed, the progress of the Project, and on information and belief, intends to continue doing so, all in breach of the JFOA and Plaintiffs' rights, all for impermissible, tortious, and wrongful purposes.

13.     As lessee of the Federal Lease, Plaintiff LDG and its Predecessor, at all material times has had the sole and exclusive right to explore for and develop and utilize the Geothermal Resources, subject only to certain rights granted to third parties by LDG or its Predecessor, including rights granted to Defendant AmeriCulture in accordance with the JFOA, discussed more fully below. LDG's Predecessor sought from the outset to develop the Geothermal Resources of the Federal Lease for commercial Power Use. Plaintiff LDG has brought this long standing project forward to the present day which is now operating and producing electricity.

4

14.     Plaintiff LDG has already expended approximately $45 million dollars to date constructing Phase 1 of the Project and estimates that the Project will cost approximately another $25 million dollars for a total project cost of approximately $75 million dollars through completion.

15.     It is expected that the Project will provide over 700 direct construction jobs and up to ten permanent jobs in Hidalgo County, New Mexico.  In addition to tax benefits that will inure to the State of New Mexico and Hidalgo County, New Mexico.

16.     Defendant AmeriCulture on or about August 11, 1995 purchased the surface estate of approximately 15 acres of land lying within the NW¼ NE¼, Section 7, Township 25 South, Range 19 West, NMPM ("Fee Land").  The Fee Land overlies 15 acres of Plaintiff LDG's Federal Lease.  Upon information and belief, Defendant AmeriCulture acquired the Fee Land in order to develop, own and operate a tilapia fish farm on the Fee Land, and it sought to obtain access to Geothermal Resources for Non-Power Uses associated with the fish farm.

17.     In 1995, Defendant AmeriCulture and LDG's Predecessor (who was the Federal Lease holder since 1987) entered into the JFOA.  The purpose of the JFOA was to define the rights and obligations of the parties to utilize the Geothermal Resources held by the Federal Lease that underlie the Fee Land, and to utilize the rights in the surface of the Fee Land owned by Defendant.

18.     In connection with the JFOA, Defendant AmeriCulture represented that it sought access to only those Geothermal Resources lying in the most shallow one-thousand feet of the subsurface.  In connection with the JFOA, Defendant AmeriCulture further represented that it would not engage in Power Uses, or utilize the Geothermal Resources for doing so, or seek to generate electricity from the Geothermal Resources for any purpose other than Non-Power Uses.

19.     In the JFOA, LDG's Predecessor reserved its exclusive rights to access Geothermal Resources lying deeper than one-thousand feet below the surface and its exclusive right to utilize the Geothermal Resources for Power Use.

20.     Defendant AmeriCulture agreed in the JFOA that "Geothermal Resources" means:

> geothermal steam and associated geothermal resources including but not limited to (1) all products of geothermal processes embracing indigenous steam, hot water and hot brines and, (2) steam and other gases, hot water and hot brines resulting from the artificial introduction or injection of water, gas or other fluids into geothermal formations or the earth, and (3) heat or other associated energy found in geothermal formations.

Ex. A, §I, ¶A. The Geothermal Resources are not limited to such resources underlying the Federal Lease, but by their very nature extend into other subsurface areas, including without limitation into and below the improvidently granted New Mexico State Geothermal Lease acquired by Defendant AmeriCulture and described below.

21.     Defendant AmeriCulture agreed in the JFOA that "Power Use" shall mean the "utilization of Geothermal Resources to generate electricity", and that "Non-Power Use" shall mean "utilizing Geothermal Resources for non-electrical generating use [associated with the tilapia farming operation] such as space heating of aquaculture facilities, greenhouses, kilns, drying rooms, housing, storage, washing of commercial products or bathing or similar uses." Ex. A, §I, ¶¶ B-C.

22.     Defendant AmeriCulture also agreed in the JFOA that:

> (a) The term of the JFOA shall be the same as the term of the Federal Lease.
>
> (b)  That Defendant AmeriCulture would "satisfy and fully comply with any and all applicable … federal … regulations or requirements and all of the requirements and the terms and conditions of the Federal Lease."

6

(c) AmeriCulture would "be bound in the conduct of AmeriCulture's operations by the terms and the conditions of Federal Geothermal Resources Lease NM34790 and this Agreement does hereby incorporate by reference all of the terms and conditions of said Federal Lease."

Ex. A, §II, §III, ¶¶3, 5.

23.    23.    Defendant AmeriCulture also agreed in the JFOA that:

(a) AmeriCulture shall have the nonexclusive right to "[d]rill and develop Geothermal Resources for Non-Power Use on the property to a depth not to exceed 1000' below the surface of the earth."

(b) *"Any attempt by Americulture to drill or develop below such levels without the prior written consent of LDG" is prohibited.* (Emphasis Added).

Ex. A, §III ¶A.1.

24.    Defendant AmeriCulture also agreed in the JFOA that its rights to conduct operations on the Fee Land are limited only to such operations that "are reasonable and necessary for any Non-Power Use of Geothermal Resources," and even then only if "such operations and activities pursuant thereto do not unreasonably interfere with the activities of [the Federal Lease holder] under this Agreement." Ex. A, §III, ¶A.2

25.    The JFOA also required that Defendant AmeriCulture file timely reports with the appropriate federal and state agencies, to submit a properly prepared Plan of Operations, to install and maintain geothermal utilization equipment to measure and record flow rates and heat consumption, and be responsible for payment of all royalties to the federal government required under the Federal Lease. Ex. A, §III, ¶¶ 3, 5, 6, 7.

26.    Defendant AmeriCulture further agreed in the JFOA to:

Defend, indemnify and hold harmless LDG, its successors and assigns, from and against any and all claims, demands, losses,

7

damages or liabilities and from and against any and all costs and expenses arising out of or by reason of any activities of AmeriCulture conducted pursuant to or permitted by this Agreement.

Ex. A, §III, ¶10.

27.     In addition to all rights otherwise set forth in the JFOA and the Federal Lease,

Plaintiff LDG, as successor and assign of its Predecessor, has the right to:

> (a)  Conduct any and all Power-Use activities and operations, except power plant construction on the [Fee Land], which are permitted by the Federal Lease.
>
> (b) Full and complete use of the surface of the [Fee Land] for all of LDG's exploration and development activities under the JFOA.
>
> (c)  Access to the [Fee Land] for all purposes permitted under the Federal Lease.

Ex. A, §IV, ¶A.1-3.

28.     Under the JFOA, Plaintiff LDG owns the right to conduct all activities and

operations reasonable and necessary to the exercise of its rights permitted under the JFOA and the

Federal Lease and has the obligation to comply with the Federal Lease insofar as it applies to the

Power Use activities and operations of Plaintiff LDG.  Ex. A, §IV, ¶B.1-2.

29.     Additionally, the parties agreed that:

> If LDG's drilling activities result in a depletion of AmeriCulture's heat source for non-power purposes, then upon the commencement of geothermal production by LDG, LDG shall provide AmeriCulture with effluent heat in an amount equivalent to that by which AmeriCulture's resource is depleted.

Exhibit A, §IV, ¶B.3.

30.     The JFOA furthermore provided that Plaintiff LDG would appoint Defendant AmeriCulture as "Facility Operator" for the purpose of conducting on the Fee Land any Non-Power use of geothermal resources under the Federal Lease.  Exhibit A, §V, ¶A.

31.     The JFOA also required that "AmeriCulture shall timely pay to MMS [U.S. Minerals Management Service] all royalty payments due to the federal lease for Non-Power Use by AmeriCulture," and that its failure to do so would "constitute a default of AmeriCulture's obligations hereunder."  Exhibit A, §VI, ¶¶B-C.

32.     However, Defendant AmeriCulture, upon information and belief,  never fully developed or utilized its rights under the JFOA to drill and extract Geothermal Resources underlying the Fee Land for Non-Power Uses.   Instead it impermissibly has sought to develop the Geothermal Resources by drilling geothermal wells on land immediately adjacent to and east of the Fee Land.   The New Mexico State Land Office is the owner of the adjacent land ("State Lands").

33.     Defendant AmeriCulture moreover has acted in derogation of its obligations under the JFOA and Federal Lease.   Defendant AmeriCulture also has engaged in other acts and omissions described more fully below, all in derogation and breach of the JFOA and Federal Lease and the rights of Plaintiffs.

34.     Defendant AmeriCulture acquired an improvidently issued New Mexico State Geothermal Lease GTR-304-1 of a tract of ten acres of land located in the NW ¼ NE ¼ NE ¼ Section 7, Township 25 South, Range 19 West, immediately contiguous to the eastern boundary of the Fee Land and the Federal Lease (the "State Geothermal Lease").   The State Geothermal Lease was issued by the State Land Office in violation of statute and regulations which require a minimum lease size of 640 acres unless the leased acreage is isolated from and not contiguous

with other parcels available for lease, in which case the minimum lease size is forty acres.[2]  The State Lands included in the State Geothermal Lease are not isolated from or non-contiguous with other parcels of land available for a lease.  In addition, the State Geothermal Lease includes less than the allowable forty acres.

35.     As stated more fully herein, Defendant AmeriCulture improperly has attempted in the past and is presently attempting to utilize Geothermal Resources through the improvidently granted State Geothermal Lease, not only in violation of State law, but in violation and breach of the JFOA and AmeriCulture's obligations and Plaintiffs' rights thereunder.

36.     Defendant AmeriCulture also acquired from the State Land Office a Business Lease BL-1518 for use of the surface overlaying State Geothermal Lease ("Business Lease").  The Business Lease allows use of forty acres, the NE ¼ NE ¼ Section 7, Township 25 South, Range 19 West (including but not limited to the ten acres overlying the State Geothermal Lease) ("State Lands").

37.     The Business Lease restricts AmeriCulture's use of the State Lands and states that:

> **6. PERMITTED USE.**     Lessee shall use the leased premises for the sole and exclusive purpose of:  Fish Farming (supporting structures, facilities, and systems for an aquaculture venture located upon adjacent land).  No other uses shall be permitted.

Moreover, it restricts what improvements AmeriCulture may place on the State Lands as follows:

---

[2] See 19-13-5(B) NMSA 1978 ("A lease on state lands may only be issued for a parcel less than six hundred forty acres if the parcel is isolated from or not contiguous with other parcels of land available for a lease"), NMAC 19.2.7.12 ("a lease, or leases, may be issued covering less than six hundred forty (640) acres if the subdivision or parcel is isolated from and not contiguous with other parcels available for lease. An application which covers less than a legal subdivision or less than an entire parcel in the case of a navigable river or lake bed shall be rejected"), and NMAC 19.2.7.2(D) ("Legal Subdivision" is defined as "Legal subdivision as used and recognized by the general land office of the United States and the New Mexico state land office, ordinarily consisting of forty (40) acres, more or less, or one- sixteenth (1/16) part of a standard section, including lots as designated by the U.S. survey plats").  (Emphasis added).

**7. IMPROVEMENTS.**     Lessee may place the following improvements on the leased premises:

| | | |
|---|---|---|
| 1. | 1 | Water Storage Tank |
| 2. | 1 | Fence |
| 3. | 1 | Six Bay Car Shade |
| 4. | 1 | Diesel Tank/Stand |
| 5. | | Storage of items used in conjunction with Fish Farming |

****

Exhibit B, NM Lease No. BL-1418.   Defendant AmeriCulture is prohibited under the Business Lease from placing anything else—such as a power plant to generate electricity from the Geothermal Resources—anywhere on the State Lands.

38.     Defendant AmeriCulture, on information and belief, impermissibly intends to construct a power plant, sized approximately 80 feet x 300 feet on the Fee Land and to illegally and impermissibly utilize Geothermal Resources from the improvidently issued 10 acre State Geothermal Lease to generate electricity.  Such actions are in violation of State law and breach of the JFOA and the rights of Plaintiffs thereunder.

39.     On information and belief, Defendant AmeriCulture impermissibly intends to utilize Geothermal Resources for both Power Uses and Non-Power Uses, as those terms are defined under the JFOA, by impermissibly extracting Geothermal Resources from one or more wells drilled under the invalid State Geothermal Lease.  Such actions and such uses of Geothermal Resources extracted from the State Geothermal Lease not only are impermissible under State law, but do or would violate Defendant AmeriCulture's obligations under the JFOA and under the Federal Lease (the terms of which are binding on Defendant AmeriCulture pursuant to its agreement under the JFOA).   On information and belief, such actions and use by Defendant AmeriCulture are willful and intentional and clearly violate the terms of the JFOA and may violate the Federal Lease, as well.

40.    In addition to engaging in the impermissible and potentially illegal actions associated with the intended construction of a power plant for power uses on the Fee Land and impermissible extraction of Geothermal Resources and hot water in abrogation of the JFOA, and the Federal Lease, Defendant AmeriCulture has engaged in other acts and omissions that are in breach of its duties under the JFOA, including without limitation the implied duties of good faith and fair dealing.  Such acts and omissions have been intended to, and have been designed to, frustrate, and in fact have frustrated, the purposes of the JFOA and Plaintiffs' rights thereunder, and to impede or delay or defeat implementation of the Project, and are in violation and breach of the JFOA and Defendant AmeriCulture's obligations owed thereunder and also owed under the Federal Lease incorporated as if fully set forth in the JFOA.

41.    Among Defendants AmeriCulture and Seawright's impermissible acts and omissions include but are not limited to the following:

A.    Defendants impermissibly have applied for and received permits from the New Mexico Office of the State Engineer ("OSE") for the speculative, improper and unlawful use of water for "geothermal power production."  These permits were obtained for the wrongful purpose of subverting the Project and furthering Defendants' plans for Power Use of the Geothermal Resources.

B.    Defendants impermissibly have drilled a 2100' well.  The JFOA granted AmeriCulture the nonexclusive right to "[d]rill and develop Geothermal Resources for Non-Power Use on the property to a depth not to exceed 1000' below the surface of the earth."  The JFOA expressly states that "Any attempt by Americulture to drill or develop below such levels without the prior written consent of LDG" is prohibited.  Defendants neither sought nor obtained written permission to access

Geothermal Resources expressly and exclusively reserved to Plaintiff LDG. Defendants drilled this well for the wrongful purpose of subverting the Project and furthering Defendants' plans for Power Use of the Geothermal Resources.

C.      Defendants impermissibly have applied for, attempted to obtain, and obtained, and may intend to make further application for, permits or permissions from the OCD, OSE and State Land Office to allow reinjection of geothermal fluids in connection with geothermal power production. Defendants have taken these actions for the wrongful purpose of subverting the Project and furthering Defendants' plans for Power Use of the Geothermal Resources.

D.      Defendants impermissibly and without a lawful purpose have protested and objected to and opposed Plaintiffs' applications relating to water rights which Plaintiffs have engaged in to further the objectives of the JFOA, the implementation of the Project, and the exercise of rights under the Federal Lease.  Defendants have taken these actions for the wrongful purpose of subverting the Project and furthering Defendants' plans for Power Use of the Geothermal Resources.

E.      Defendants impermissibly have protested and objected to and opposed Plaintiffs' application for permits from the OCD, which Plaintiffs have sought to further the objectives of the JFOA, the implementation of the Project, and the exercise of rights under the Federal Lease.  Defendants have taken these actions for the wrongful purpose of delaying and subverting the Project and furthering Defendants' plans for Power Use of the Geothermal Resources..

42.      At all material times, Defendants have owed Plaintiffs the duty to conduct its activities in accordance with the terms of the JFOA and incorporated Federal Lease, to not breach

the JFOA, and to not violate the covenants of good faith and fair dealing. Defendants have willfully and intentionally breached their contractual obligations to the Plaintiffs under the JFOA and in addition, Defendants have failed and refused to comply with their duties to the Plaintiffs of good faith and fair dealing.

43.   Defendants have acted willfully, intentionally, knowingly, wantonly, and has acted with malice and in bad faith and in violation of the New Mexico Unfair Practices Act Sections 57-12-1 through 57-12-10 NMSA 1978, as amended (the "Act").

44.   As a direct, proximate and reasonably foreseeable result of the breaches, acts, and omissions of Defendants AmeriCulture and Seawright complained of herein, Plaintiffs have been irreparably injured and face further irreparable injury, and have been and will continue to be damaged, and have incurred and will continue to incur in the future special damages, and are entitled to a judgment, an award of damages, statutory attorneys' fees and costs, punitive damages, and the other relief requested herein, all as prayed for more fully below.

## COUNT ONE

### BREACH OF CONTRACT AND WILLFUL BREACH OF CONTRACT AGANST DEFENDANT AMERICULTURE

45.   Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

46.   Defendant AmeriCulture breached the terms of the JFOA, including without limitation, as set forth above.

47.   Defendant AmeriCulture's breaches have directly, proximately, and reasonably foreseeably caused and will continue to cause damage to Plaintiffs, including special damages, and Plaintiffs are entitled to an award of damages.

48.   Defendant AmeriCulture's actions and breaches of contract have been carried out willfully, intentionally, knowingly, wantonly, and with malice aforethought.

49.     Plaintiffs are entitled to a judgment for punitive damages due to Defendant AmeriCulture's willful breaches of the JFOA.

50.     The Court should enter its order awarding damages to Plaintiffs for Defendant AmeriCulture's breaches of contract and intentional breaches of contract, in amounts to be more fully proven at trial, and should award attorney's fees and costs and punitive damages against Defendant AmeriCulture.

## COUNT TWO

## BREACHES OF THE IMPLIED DUTIES AND
## COVENANTS OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT
## AMERICULTURE

51.     Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

52.     Defendant AmeriCulture acted intentionally and deceptively, as all alleged herein, thereby frustrating the fruits of the bargain that Plaintiffs reasonably expected.

53.     At the time of execution of the JFOA, and at all times thereafter, Plaintiffs and the prior lessee Lightning Dock Geothermal, Inc. had a reasonable expectation that Defendant AmeriCulture would not frustrate the fruits of the bargain through its conduct, words or deeds.

54.     Defendant AmeriCulture breached the implied covenants of good faith and fair dealing by, among other things, engaging in intentional and deceptive conduct which has the effect of preventing Plaintiffs from receiving the fruits of the bargain.

55.     Defendant AmeriCulture breached the implied duty and covenant of good faith and fair dealing.

56.     As the direct, proximate and reasonably foreseeable result of these acts and breaches, Plaintiffs have been damaged, and have incurred special damages, and are entitled to

punitive damages and all other relief, as more fully alleged herein, and the Court should enter its Order accordingly.

## COUNT THREE

### INDEMNITY AGAINST DEFENDANT AMERICULTURE

57.     Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

58.     As also pleaded elsewhere herein, Defendant AmeriCulture is obligated to indemnify Plaintiffs pursuant to the provisions of the JFOA.

59.     This indemnity obligation extends to and includes without limitation all attorney's fees and expenses incurred in connection with this dispute and this litigation.

60.     Plaintiffs have incurred and will incur loss and damage as a direct, proximate, and reasonably foreseeable result of Defendant's breaches, act, and omissions, and has incurred and will incur attorney's fees and costs.

61.     Judgment should be entered against Defendant in the amount of all loss and damage and attorney's fees and costs sustained or incurred by Plaintiff in connection with this dispute and litigation.

## COUNT FOUR

### DECLARATORY JUDGMENT AND SPECIFIC ENFORCEMENT AGAINST DEFENDANT AMERICULTURE

62.     Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

63.     The JFOA obligates Defendant AmeriCulture to fully perform its contractual obligations for the benefit of Plaintiffs, including without limitation, providing indemnification as pleaded herein.  The terms and conditions of the JFOA inure to the benefit of and are enforceable by the Plaintiffs.  Defendant AmeriCulture's obligations are specifically enforceable.

16

64.     Defendant AmeriCulture has failed to fully perform its obligations under the JFOA and continues to disregard its obligations and breach its obligations under the JFOA and more particularly drilled well exceeding 1,000' below the surface of the earth without the written permission of the Plaintiffs as required by the JFOA.

65.     There is a genuine dispute and case and controversy between the parties as to whether Defendant AmeriCulture can engage in the wrongful acts it has engaged in and intends to engage in further.

66.     The Court should enforce the JFOA and enter its judgment declaring that the Defendant AmeriCulture shall specifically perform its obligations under or arising out of the JFOA owed to Plaintiffs and perform all attendant obligations, including without limitation, those set out in the paragraphs 1 and 2 of Section III A of the JFOA *"Rights and Obligations of AmeriCulture"*, and provide indemnification to the Plaintiffs, and shall take all other such actions as are reasonably necessary to effectuate the purposes of the JFOA and shall be prohibited from acting contrary to those purposes.

67.     The Court should enter its judgment declaring that Defendant AmeriCulture shall not be permitted to construct a power plant on the Fee Land in violation of the JFOA and require Defendant AmeriCulture to cease using and cap all geothermal wells in excess of 1,000' below the surface for Non-Power or Power Uses and that Defendant AmeriCulture shall not be permitted to extract or utilize Geothermal Resources from wells drilled in the State Lease for any purpose, and shall not be permitted to engage in further actions in violation of the JFOA, i.e. Using the Geothermal Resources for Power Use and drilling wells in excess of 1,000' in depth below the surface of the earth and furthermore that Defendant AmeriCulture shall not be permitted to interfere with Plaintiffs' exercise of rights under the JFOA or the Federal Lease or respecting

implementation of the Project, and that Defendant AmeriCulture shall be required to perform any tilapia fish farming related activities only on the Fee Land by utilizing Geothermal Resources for Non-Power Uses only from the Federal Lease, in accordance with the JFOA, and the Court shall provide such other and further relief as the Court may determine is equitable.

**COUNT FIVE**

**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AGAINST DEFENDANTS SEAWRIGHT AND AMERICULTURE**

68.     Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

69.     Pleading in the alternative to the extent necessary, the Defendants AmeriCulture and Seawright should be preliminary, *pendente lite*, and permanently enjoined and restrained from further breaching the duties owe by the Defendants under the JFOA and under law, and from refusing to comply with the JFOA terms, and from continuing to breach the JFOA.  Defendants AmeriCulture and Seawright should be further permanently enjoined and restrained from interfering with Plaintiff LDG's exercise of rights under the JFOA and the Federal Lease and from engaging in the act alleged, e.g. in Section III, Paragraphs A (1) and A (2) of the JFOA.

70.     The Plaintiffs should be granted such other and further interim injunctive relief and final injunctive relief as will afford Plaintiffs the protection of this Court sitting in equity.

71.     This injunctive and other equitable relief should issue because Plaintiffs are entitled to the relief sought on the merits; there is  a likelihood of success on the merits; Plaintiffs will be irreparably injured unless the relief is granted *pendente lite* and permanently; no remedy at law is adequate to protect Plaintiffs; the threatened injury to Plaintiffs outweighs any potential harm to Defendants AmeriCulture and Seawright; and the issuance of a preliminary and permanent injunction is not contrary to the public interest.  An injunction should issue without bond.

**COUNT SIX**

**PRIMA FACIE TORT, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, AND NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS SEAWRIGHT AND AMERICULTURE**

72.     Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

73.     This Count Six is pleading in the alternative, to the extent necessary.

74.     Defendants Seawright and AmeriCulture, even if they otherwise had the right to engage in the acts complained of herein (which Plaintiffs deny), has impermissibly committed *prima facie* torts as against the Plaintiffs.  Defendant AmeriCulture has acted intentionally and intentionally failed to act, and intended that its acts and failures to act would cause harm to Plaintiffs and/or knew with certainty that Defendant's acts and failures to act would cause harm to Plaintiffs.

75.     `Furthermore, Defendants Seawright and AmeriCulture have both intentionally and negligently made material misrepresentations concerning the Plaintiffs and the Project to numerous state agencies and other public bodies for the sole purpose of delaying and subverting the Project solely for the purpose of giving the Defendants a competitive advantage for the Defendants own intended production of Geothermal Power in violation of the JFOA.

76.     As a direct, proximate and reasonably foreseeable result of Defendants AmeriCulture and Seawright's acts and failures to act Plaintiffs have been harmed.

77.     Defendants Seawright and AmeriCulture's conduct has not been justifiable under the circumstances and has been at all times material hereto knowingly and intentionally in violation of the JFOA.

78.     The Court should enter judgment that Defendants Seawright and AmeriCulture committed *prima facie* torts, tortuously interfered with the Plaintiffs' business relations and

relations with governmental bodies and furthermore are liable for their negligent misrepresentation of the facts relating to the Project to state, federal and local governmental bodies, and enter its judgment for relief against the Defendants as otherwise requested herein to redress the harm complained of.

COUNT SEVEN

VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT BY DEFENDANTS

SEAWRIGHT AND AMERICULTURE

79. Plaintiffs incorporate herein by reference all prior allegations of this Complaint.

80. Defendant AmeriCulture's willful violations of the JFOA and in particular the drilling of a geothermal well deeper than 1,000' below the surface of the earth coupled with its stated intention to build an adjacent geothermal power plant, is an Unfair Practice in violation of the Act and in particular as defined in Section 57-12-2 (D) (8) NMSA 1978, as amended and prohibited by Section 57-12-3 NMSA 1978, as amended which entitles Plaintiffs to treble damages plus statutory attorneys' fees and costs pursuant to Section 57-12-10 (B) and (C) NMSA 1978, as amended.

81. Defendant Seawright's materially false statements about the Plaintiffs made by Defendant Seawright to state agencies and local public bodies of the State of New Mexico and agencies of the United States are Unfair Practices in violations of the Act and in particular Section 57-12-3 NMSA 1978, as amended which entitles Plaintiffs to treble damages plus statutory attorney's fees and costs pursuant to Section 57-12-10 (B ) and (C) NMSA 1978, as amended against Defendant Seawright individually..

## DAMAGES AND OTHER RELIEF

82.     As a direct, proximate, and reasonably foreseeable result of the aforesaid acts, omissions, breaches of the Defendants, and other matters complained of, Plaintiffs have been damaged and will continue to be damaged.  Such damages include, without limitation, special damages, attorney's fees including treble damages under the Act and costs incurred as a result of Defendant Seawright AmeriCulture's actions, the economic loss Plaintiffs have and will incur in implementing the project as a result of Defendants Seawright and AmeriCulture's intentional acts and omissions.

83.     Plaintiffs are entitled to an award against Defendants Seawright AmeriCulture for all damages, including special damages, treble damages under the Act, incurred by Plaintiffs, and including attorney's fees and statutory attorneys' pursuant to the Act, fees and costs, plus all pre- and post-judgment interest.

## PUNITIVE DAMAGES

84.     Defendants Seawright and AmeriCulture have breached their duties to the Plaintiffs and knowingly breached the provisions of the JFOA in bad faith, knowingly, willfully, wantonly, and intentionally, and with a gross and reckless disregard and utter indifference for the rights of Plaintiffs.  In doing so, Defendants Seawright and AmeriCulture have acted with malice.

85.     Defendants Seawright and AmeriCulture are liable to Plaintiffs for punitive damages and the Plaintiffs are entitled to a judgment awarding punitive damages.

## PRAYER FOR RELIEF

Accordingly, the Plaintiffs respectfully request that the Court enter Judgment as prayed for herein, in its favor, and against Defendants Seawright and AmeriCulture, in accordance with the

allegations and claims and prayers stated more fully above, and that the Court award the Plaintiffs

such other and further relief as may be appropriate.

Respectfully submitted,

MARRS GRIEBEL LAW LTD

 /s/ Clinton W. Marrs
Clinton W. Marrs
1000 GOLD AVE. SW
ALBUQUERQUE, NM 98102-2933
TEL: 505.433.3926
FAX: 505.639.4161

AND

LAW OFFICES OF ROBERT M. STRUMOR, LLC
47 CERRADO LOOP
SANTA FE, NM 87508
Tel: 505.660.2594

*Attorneys for Plaintiffs Los Lobos Renewable Power, LLC and Lightning Dock Geothermal HI-01, LLC*