IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

<div style="display:flex;justify-content:space-between;">

**LOS LOBOS RENEWABLE POWER, LLC,**
and **LIGHTNING DOCK GEOTHERMAL HI-01, LLC,**
        Plaintiffs,

vs.

**AMERICULTURE, INC.,** and
**DAMON SEAWRIGHT,**
        Defendants.

</div>

No. 15-CV-0547-MV-LAM

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Amend Memorandum Opinion and Order [Doc. 34]. Plaintiffs timely responded [Doc. 36] and Defendants replied [Doc. 37]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that Defendants' Motion to Amend Memorandum Opinion and Order [Doc. 34] is well-taken and therefore will be **GRANTED.**

### BACKGROUND

The facts material to the Court's disposition are easily recited. On June 26, 2015, Plaintiffs filed the instant civil action in this Court, seeking relief for, *inter alia*, Defendants' purported breaches of contract. *See generally* Doc. 1. Approximately two months later, on August 18, 2015, Defendants filed a Special Motion to Dismiss [Doc. 14], arguing that that they were "entitled to summary dismissal of the Complaint under New Mexico's Anti-SLAPP statute." Doc. 14 at 1.

1

In its Memorandum Opinion and Order filed on February 17, 2016, the Court denied Defendants' Motion because it found that "New Mexico's Anti-SLAPP statute is a procedural provision that does not apply in the courts of the United States." Doc. 32 at 4.  Five days later, Defendants filed the Motion at bar, requesting that the Court amend its Memorandum Opinion and Order to permit an interlocutory appeal.  *See* Doc. 34 at 1.  Although the Court believes that no such amendment is necessary because Defendants may appeal under the collateral order doctrine, the Court will nonetheless authorize an interlocutory appeal in the event that the United States Court of Appeals for the Tenth Circuit disagrees with the Court's collateral order analysis.

## DISCUSSION

### I. Collateral Order Doctrine

As an initial matter, the Court finds that Defendants may appeal the Court's Memorandum Opinion and Order pursuant to the collateral order doctrine.  This doctrine provides that an order may be appealed immediately, notwithstanding the absence of a final judgment, if that order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment."  *Arbogast v. Kansas Dep't of Labor*, 789 F.3d 1174, 1179-80 (10th Cir. 2015) (internal quotation marks omitted).  Each of these three requirements is met here.  First, the Memorandum Opinion and Order conclusively determined that New Mexico's Anti-SLAPP statute is a state procedural mechanism inapplicable in federal court.  *See,*

*e.g.*, Doc. 32 at 4 ("The Court will deny Defendants' Special Motion because New Mexico's Anti-SLAPP statute is a procedural provision that does not apply in the courts of the United States."). Second, this issue is entirely separate from the merits of the case, which centers on a contract dispute and its attendant tort claims. *Cf. Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1267 (10th Cir. 2013) (noting, in the context of qualified immunity appeals, that "[t]o be 'completely separate' from the merits, however, the [] issue raised on appeal must be an 'abstract *legal* question'") (emphasis original).

Third and finally, the Court's holding would otherwise be unreviewable on appeal; moreover, delaying review of the applicability of New Mexico's Anti-SLAPP statute would risk interfering with **both** the express public policy of New Mexico **and** the federalist interests protected by *Erie* and its progeny. *See Miller v. Basic Research, LLC*, 750 F.3d 1173, 1177 (10th Cir. 2014) ("The 'decisive consideration' in determining whether an order is effectively unreviewable is 'whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order'") (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107 (2009)). That is, the Court views the right to avoid trial conferred on certain defendants by New Mexico's Anti-SLAPP statute as analogous to the protection afforded by qualified immunity, which itself forms the heart of the collateral order doctrine. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 866-67 (1994) (noting that the denial of "an immunity rooted in an explicit constitutional or statutory provision or 'compelling public policy rationale'" has

3

"been held to be immediately appealable"). Accordingly, the Court finds that the collateral order doctrine permits an interlocutory appeal of the Court's Memorandum Opinion and Order.

The Court is confirmed in this conclusion by the fact that several circuits have found that district court denials of motions to dismiss based on Anti-SLAPP statutes qualify for immediate appeal under the collateral order doctrine. *See, e.g.*, *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013) ("Applying this rule, we hold that the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available."); *Liberty Synergistics, Inc. v. Microflo Ltd.*, 718 F.3d 138, 143 (2d Cir. 2013) ("With respect to the first question, we hold that the District Court's denial of the defendants' motion to dismiss under California's anti-SLAPP rule constitutes an immediately appealable collateral order."); *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 752 (5th Cir. 2014) ("Thus, we hold that this Court has jurisdiction to interlocutorily consider the denial of a [Texas Citizen's Participation Act] anti-SLAPP motion to dismiss."). Thus, the Court finds that its Memorandum Opinion and Order [Doc. 32] may be appealed immediately pursuant to the collateral order doctrine.

## II. Federal Rule of Appellate Procedure 5(a) and 28 U.S.C. § 1292(b)

Although 28 U.S.C. § 1291 generally requires that litigants appeal only "final decisions of the district courts," § 1292(b) provides that if a district judge "shall be of the opinion that [an interlocutory] order involves a controlling question of law as to

which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order." 28 U.S.C. § 1292(b). Thereafter, the "Court of Appeals which would have jurisdiction of an appeal of such action may [], in its discretion, permit an appeal to be taken from such order." *Id*. Moreover, Federal Rule of Appellate Procedure 5(a)(3) provides that "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order" to satisfy this requirement.  Fed. R. App. P. 5(a)(3).

Here, the Court finds that its Memorandum Opinion and Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  In the Court's view, the applicability of state Anti-SLAPP statutes in diversity cases is an important question of law about which the circuits are divided and on which the Tenth Circuit should be afforded an opportunity to rule.  *See* Doc. 32 at 6 (explaining that "there is no Tenth Circuit precedent addressing this aspect of New Mexico's Anti-SLAPP statute" and that "[i]n surveying the legal landscape, this Court observes disagreement among the courts of appeals").  Moreover, given the nature of Anti-SLAPP statutes, the decision as to whether they apply in diversity cases may, ultimately, prove dispositive in those cases, such that an "appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. §

1292(b). Further, the question of which rule of decision obtains in diversity cases is one that should be applied uniformly and, therefore, merits appellate review. Accordingly, the Court believes it prudent to afford the Tenth Circuit an opportunity to resolve this question definitively.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Amend Memorandum Opinion and Order [Doc. 34] is **GRANTED. IT IS THEREFORE ORDERED THAT** the Court's Memorandum Opinion and Order [Doc. 32] is **AMENDED** to state that Defendants are given permission to appeal immediately the Memorandum Opinion and Order [Doc. 32] for the reasons described above. **IT IS FURTHER ORDERED THAT** litigation in this Court shall be **STAYED** pending guidance from the United States Court of Appeals for the Tenth Circuit.

Dated this 22nd day of March, 2016.

                                                                     **MARTHA VÁZQUEZ**
                                                                     UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Patrick J. Griebel, *et al.* | Charles N. Lakins |
| **Marrs Griebel Law, Ltd.** | **Lakins Law Firm, P.C.** |
| Albuquerque, New Mexico | Albuquerque, New Mexico |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |