IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOS LOBOS RENEWABLE POWER, LLC
and LIGHTNING DOCK GEOTHERMAL
HI-01, LLC,

        Plaintiffs,

v.                                          No. 2:15-cv-00547-MV-KRS

AMERICULTURE, INC., a New Mexico
for profit corporation and DAMON
SEAWRIGHT, individually and as an
officer and director of AMERICULTURE
INC.,

        Defendants.

## ORDER SUMMARILY DISMISSING DEFENDANTS' SECOND MOTION TO COMPEL

**THIS MATTER** comes before the Court on Defendants' second motion to compel discovery. (Doc. 101). In the motion, Defendants admit they did not seek concurrence in the relief requested as required by D.N.M.LR-Civ. 7.1(a). Defendants' papers similarly do not demonstrate that Defendants satisfied the meet-and-confer requirement of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 37(a)(2)'s conditions filing a motion to compel on "certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without action." This meet-and-confer obligation requires a "sincere effort to see if the dispute can be resolved before a party files a motion to compel" and "might be established by telephonic conference, contemporaneous email communication, or the now-rare personal meeting amongst parties." *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 723 (D.N.M. 2017). Likewise, the Local Rule 7.1 requires a

movant to determine whether a motion is opposed and provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). "[L]ocal rule 7.1's meet-and-confer requirement is not meant to be perfunctorily satisfied." *Benavidez*, 319 F.R.D. at 723. Instead, the Local Rule "encourage parties to contact each other . . . and work out mutually agreeable solutions . . . and pragmatic compromises on scope-of-discovery disputes." *Id.*

Here, Defendants offer two reasons for not following the Rules: "1) discovery in this case has been continuously problematic for Defendants; and 2) Defendants' counsel was unavailable during the period of 11/22 through 12/2 and a Motion to Compel to address discovery objections is required to be filed within 21 days from service[.]" (Doc. 101). None of these justifications excuses compliance with the Federal and Local Rules. These reasons find no support in the plain language of the applicable provisions, and Defendants point to no legal authority that suggests their perceived difficulty and counsel's unavailability trump the meet-and-confer obligation. The second motion to compel is therefore deficient and the Court exercises its authority under the Local Rule to summarily dismiss the motion.

**IT IS, THEREFORE, ORDERED** the Defendants' second motion to compel (Doc. 101) is summarily **DISMISSED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE